| | |
|---|---|
| 1 | Michelle R. Ghidotti-Gonsalves, Esq. (Bar No. 232837) |
| 2 | Jennifer R. Bergh, Esq. (Bar No. 305219) |
|   | LAW OFFICES OF MICHELLE GHIDOTTI |
| 3 | 5120 E. La Palma Avenue, Suite 206 |
|   | Anaheim Hills, CA 92807 |
| 4 | Tel: (949) 354-2601 |
|   | Fax: (949) 200-4381 |
| 5 | mghidotti@ghidottilaw.com |
|   | cbauer@ghidottilaw.com |
| 6 | |
| 7 | Attorneys for Movant |
|   | JTF Rose Inc., a California Corporation, |
| 8 | DBA Rose Financial, its successors and Assigns |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICICT OF CALIFORNIA – LOS ANGELES DIVISION

| In Re:<br><br>Ulises Caldera,<br><br><br><br>Debtor. | CASE NO.: 2:16-bk-26918-SK<br><br>DCN: MRG-1<br><br>CHAPTER 7<br><br>**MOVANT'S REPLY TO: DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Date: February 8, 2017<br>Time: 8:30 a.m.<br>Place: United States Bankruptcy Court<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |
|---|---|

TO THE HONORABLE SANDRA R. KLEIN, ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

JTF Rose Inc., A California Corporation, DBA Rose Financial by and through its counsel of record, hereby submits the following in reply to Debtor's opposition to the Motion for Relief from

1

MOVANT'S REPLY TO: DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Stay ("**Movant's Motion**").  Debtor's Opposition requests that Movant's Motion relating to the Property be denied in its entirety because Debtor will become current before February 8, 2017.

## I.

## STATEMENT OF FACTS

1.  On February 10, 2016 Debtor filed a Chapter 13 Petition in the United States Bankruptcy Court, Central District, Petition No.: 2:16-bk-11690-NB (the "**First Petition**").

2.  An order dismissing the First Petition was entered on November 18, 2016.

3.  On December 28, 2016, Debtor filed the Instant Chapter 13 Petition.

4.  On January 18, 2017, Movant caused to be filed a Motion for Relief asserting that Debtor was post-petition due for one (1) monthly mortgage payment and asserting that Instant Petition was filed in bad faith.

5.  On January 27, 2017, Debtor filed a Response to Motion Regarding The Automatic Stay and did not address the fact that the Instant Petition was filed in bad faith.

6.  On January 27, 2017, the Automatic Stay of 11 U.S.C. *Section* 362(a) terminated.

7.  Debtor asserts that they will become post-petition current by February 8, 2017.

## II.

## ARGUMENT

**A. DEBTOR DOES NOT HAVE STANDING TO OPPOSE MOVANT'S MOTION BECAUSE THE AUTOMATIC STAY TERMINATED ON JANUARY 27, 2017**:

The Stay of 11 U.S.C. *Section* 362 operates to create an automatic stay when the Debtor files a Chapter 13 Petition.  However, 11 U.S.C. *Section* 362(c)(3)(A) provides,  "if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . the stay . . . with respect to any action taken with respect to a debt or property securing such debt or with

respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."

There is a split in authority as to whether the stay terminates entirely, or only as to the Debtor and the Debtor's Property.  In In re Williford the court concluded that the, "plain meaning of the statute dictates that the automatic stay terminated with respect to the debtor and his property and not the entire automatic stay." In re Williford, 2013 WL 3772840 (Bankr. N.D. Tex. July 17, 2013).  The Court in In re Reswick concluded that the automatic stay terminates entirely thirty days from the date of the second filing.  Reswick, 446 B.R. 362 (B.A.P. 9th Cir. 2011).  The Bankruptcy Appellate Panel for the Ninth Circuit affirmed the Reswick opinion.

Here, the Debtor's First Chapter 13 Petition was dismissed on November 18, 2016.  The Instant Petition was filed on December 28, 2016, within one year of the dismissal of the First Petition.  The court may extend the stay if the Debtor meets two conditions: (1) provides notice and a hearing on the motion to extend the stay must be completed before the expiration of the 30-day period, and (2) debtor must demonstrate that he filed the later case in good faith with respect to the creditors to be stayed. 11 U.S.C. *Section* 362(c)(3)(B).  If a Motion to Continue the Stay is not filed and granted within the thirty days immediately after the filing of the Petition, the  automatic stay is terimated. *See* In re Ortola, 2011 WL 7145793  (B.A.P. 9th Cir. Dec. 16, 2011).

Here, a Motion to Continue the Stay was not filed and granted prior to January 27, 2017, and therefore the Stay is terminated with respect to the Debtor and the Debtor's Property on January 27, 2017.  Therefore, the Debtor does not have standing to oppose Movant's Motion.

/ / /

/ / /

/ / /

# III.

# **CONCLUSION**

Based on the foregoing, it is respectfully requested that this Court grant Movant's Motion under 11 U.S.C. *Section* 362(d)(1) and 362(d)(4) together with such other, further and different relief as the Court deems proper under the circumstances.

Dated: February 2, 2017                    THE LAW OFFICES OF MICHELLE GHIDOTTI


/S/ Michelle Ghidotti-Gonsalves
Michelle Ghidotti-Gonsalves,
Attorneys for Movant, JTF Rose Inc., a California Corporation, DBA Rose Financial

MOVANT'S REPLY TO: DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5120 E. La Palma Ave., Ste. 206
Anaheim, CA 92807

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
MOVANT'S REPLY TO: DEBTOR'S OPPOSITION TO MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/01/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Debtor's Counsel: Onyinye N Anyama, onyi@anyamalaw.com, anyamainfo@gmail.com;
            info_anyama@ecf.courtdrive.com
  Chapter 13 Trustee: Kathy A Dockery (TR), efiling@CH13LA.com
  U.S. Trustee: United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/01/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

  Debtor: Ulises Caldera, 14555 Jeremie Street, Baldwin Park, CA 91706 (U.S. Mail)
  Judge: Honorable Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012 (U.S. Mail)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/01/2017 | Jeremy Romero | /s/ Jeremy Romero |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**